409 So.2d 1183 (1982)
Clementine WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 81-383.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
James O. Walker, III, Pompano Beach, for appellant.
Jim Smith, Atty. Gen., Bruce Barkett, Asst. Atty. Gen., F. Robert Santos, Certified Legal Intern, Tallahassee, for appellee.
*1184 HERSEY, Judge.
The natural mother appeals an order of the circuit court finding her minor child to be a dependent of the state pursuant to Section 39.01(9)(a), Florida Statutes (Supp. 1980).
No useful purpose would be served by setting out the extensive history upon which the court's finding was based nor are the facts necessary to an understanding of what we hold here.
In brief, appellant contends that the petition which resulted in the hearing and order appealed from was legally insufficient, and that the state failed to allege and prove that appellant was "financially able" as required by the applicable statute.
We find the petition adequate for due process purposes and therefore discuss only the second prong of appellant's attack.
The pertinent sections of the statute in question are Sections 39.01(1), 39.01(9) and 39.01(27), Florida Statutes (Supp. 1980), which provide as follows:
(1) "Abandoned" means a situation in which a parent who, while being able, makes no provision for the child's support and makes no effort to communicate with the child for a period of 6 months or longer. If a parent's efforts to support and communicate with the child during such a 6-month period are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned.
... .
(9) "Child who is found to be dependent" means a child who, pursuant to this chapter, is found by the court:
(a) To have been abandoned, abused, or neglected by his parents or other custodians.
... .
(27) "Neglect" occurs when a parent or other legal custodian, though financially able, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.
Appellant's position is that in order to find that a child has been "neglected" within the meaning of the statute, the state must allege and prove that the parent or other legal custodian was financially able to provide that which the state claims was not provided, or to prevent the harm which the state alleges befell the child.
The purpose of the phrase "financially able" in subsection (27) is to ensure that financially disadvantaged parents may not be divested of their children simply because they are poor. It does not, however, constitute a license for child abuse for either rich or poor. We need not draw that fine line which the circumstances of some future case will require of a court confronted with a deprivation of necessary food, clothing, shelter or medical treatment. The term "financially able" rather clearly applies in that situation and poverty, under appropriate circumstances, may be found to constitute a bar to a finding of dependency.
The present case does not stand or fall on such a determination. This minor child has been subjected to abuse by a custodian over some period of time without intervention by appellant, whom the record shows was fully cognizant of the situation. The "neglect" occurred when appellant permitted the "child to live in an environment (which) causes the child's physical, mental, or emotional health to be significantly impaired."
The minor child involved here was knowingly thrust into an environment that, for a period of almost eight years, endangered his physical, mental and emotional health. He was found to have been physically neglected, underdeveloped, undernourished and physically abused. For a parent to suggest that such a situation should be allowed to continue because of technicalities of pleading or proof is in itself inexplicable. In any event, we reject that suggestion as imputing to the legislature a ridiculous intention.
*1185 The statute used the disjunctive "or". The term "financially able" modifies that provision which requires a showing of deprivation; it does not modify the provision which relates to environment. It was therefore not incumbent on the state to allege or prove that appellant was "financially able."
That is not to say, however, that poverty could never constitute a defense to a charge of neglect bottomed upon an allegation of harm resulting from an unhealthy environment. We hold only that the burden is on the parent or other legal custodian to come forward with evidence that the condition was unavoidable because of poverty, under such circumstances.
Finding that the trial court correctly determined that the minor child was a dependent of the state, we affirm.
AFFIRMED.
BERANEK and DELL, JJ., concur.